CYNTHIA A. FRY, Judge (dissenting). {35} The fundamental principle guiding a court in determining whether a party has waived its right to arbitration is the strong policy favoring arbitration. Indeed, our Supreme Court stated in Architects that “all doubts as to whether there is a waiver must be resolved in favor of arbitration.” 103 N.M. at 463,709 P.2d at 185 (internal quotation marks and citation omitted). In addition, the determination of whether waiver has occurred generally involves issues of fact. Crutchfield v. N.M. Dep’t of Taxation and Rev., 2005-NMCA-022, ¶ 28, 137 N.M. 26, 106 P.3d 1273; see Architects, 103 N.M. at 463, 709 P.2d at 185 (stating that the question of whether arbitration has been waived “depends on the facts of each case”). In the present case, the question of whether the City would be prejudiced by being required to arbitrate is a classic fact question, and we should defer to the district court’s determination of this issue. Because the majority appears to have placed minimal emphasis on the policy favoring arbitration and has declined to give deference to the district court’s determination, I respectfully dissent. , {36} The majority applies de novo review of the district court’s decision because it contends that the facts are mot in dispute. Majority Opinion, ¶ 8. I disagree with this approach because the facts relevant to the question of prejudice were clearly disputed. A leading treatise states that “[prejudice refers to the inherent unfairness in terms of delay, expense, or damage to a party’s legal position that occurs when the party’s opponent forces it to litigate an issue and later seeks to arbitrate that same issue.” 1 Martin Domke, Domke on Commercial Arbitration § 23:10,at 23-20 (3d ed. 2012). Determinations of fairness and damage are classic fact-driven decisions that should be left to the trier of fact. And yet, in discussing the prejudice factor, the majority employs the language of fact-finding and discusses what the City would “reasonably”believe as aresultof AFSCME’s conduct. See Majority Opinion, ¶¶ 22, 25. Instead of making our own finding of reasonableness, we should give deference to the district court’s determination of what the City reasonably believed. {37} Viewing the circumstances in the context of this deferential standard of review, I would affirm. Although AFSCME certainly produced evidence and made arguments regarding Section 35 of the CBA, they did so in the context of their application for injunctive relief. The district court’s denial of injunctive relief did not constitute a determination of the merits of AFSCME’s claims under Section 35. Instead, the denial of injunctive relief resulted from the consideration of several factors and the balancing of equities and hardships. See Insure New Mexico, LLC v. McGonigle, 2000-NMCA-018, ¶ 6, 128 N.M. 611, 995 P.2d 1053 (stating some of the factors to be considered in determining whether to grant injunctive relief, including the nature of the interest to be protected, the adequacy of injunctive relief when compared to other remedies, third parties’ interests, the practicability of granting and enforcing and injunction, and the relative potential hardship to the parties if the relief is granted or denied). The district court may simply have decided that AFSCME’s remedy at law was adequate. See id. ¶ 7 (explaining that “[ijnjunctions are harsh and drastic remedies [that] should issue only in extreme cases of pressing necessity and only where there is no adequate . . . remedy at law” (alterations in original) (internal quotation marks and citation omitted)). It was the remedy at law that AFSCME sought to have determined through arbitration. {38} The district court recognized the distinction between the case made in support of AFSCME’s application for injunctive relief and the case AFSCME wished to arbitrate. The court observed that injunctive relief is a “proactive” remedy and that AFSCME still had its “reactive” remedy and might “be entitled to damages on the back end when things are more fully developed.” Consequently, I disagree with the majority’s statement that “the court’s action [in denying injunctive relief] reflects an assessment of the core issues” related to Section 35. Majority Opinion, ¶ 16. {39} I further do not agree that the City demonstrated that it would be prejudiced by an order requiring AFSCME’s claims under Section 35 to be arbitrated. Practically speaking, “the more involved a party becomes in litigation, the greater chance that prejudice to the other party will be found.” 1 Domke, supra, at 23-21. Here, however, by denying the City’s claim of waiver, the district court implicitly determined that AFSCME’s involvement in litigation was not so extensive as to prejudice the City. There is nothing in the record that persuades me that this determination was unsupported or an abuse of discretion. AFSCME’s litigation activity was limited to that necessary to support its application for injunctive relief. It involved only a one-day hearing, and no discovery was undertaken. In addition, AFSCME did not unduly delay its request for arbitration. It filed its motion to compel arbitration only five months after the district court denied injunctive relief on Section 35, during which time the only litigation that occurred in district court involved a motion to show cause that was completely unrelated to Section 35. Moreover, after the district court denied injunctive relief related to Section 35, AFSCME and the City agreed on an arbitrator to decide the Section 35 issues. The City then told the arbitrator that the district court had already resolved the issues that were to be the subject of the arbitration, and this triggered AFSCME’s motion in the district court to compel arbitration. {40} These circumstances support the district court’s determination that the City would not be prejudiced by an order compelling arbitration and, giving deference to that determination, and bearing in mind the policy favoring arbitration, I would affirm the district court’s order. CYNTHIA A. FRY, Judge